**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

CLARENCE J. SAALMAN, on behalf of
himself and others similarly situated,
:
      Plaintiff,                    Case No. 3:04-cv-0371

:
  -vs-                            Chief Magistrate Judge Michael R. Merz

MARILYN J. REID, et al.,
:
      Defendants.

**DECISION AND ORDER GRANTING DEFENDANT PITTS' MOTION FOR
SUMMARY JUDGMENT**

This case is before the Court on Motion for Summary Judgment of Defendant Lataunia Pitts (Doc. No. 75) which Plaintiff opposes (Doc. No. 79).

**SUMMARY JUDGMENT STANDARD**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. On a motion for summary judgment, the movant has the burden of showing that there exists no genuine issue of material fact, and the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970). Nevertheless, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly

supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original). Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

Read together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law. Fed. R. Civ. P. 50). *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). If, after sufficient time for discovery, the opposing party is unable to demonstrate that he or she can do so under the *Liberty Lobby* criteria, summary judgment is appropriate. *Id*. The opposing party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby,* 477 U.S. at 249-50, 106 S. Ct. at 2510-11 (citations omitted). "The mere possibility of a factual dispute is not enough." *Mitchell v. Toledo Hosp*., 964 F. 2d 577, 582 (6th Cir. 1992)(quoting *Gregg v. Allen-Bradley Co.,* 801 F. 2d 859, 863 (6th Cir. 1986). Therefore a court must make a preliminary assessment of the evidence, in order to decide whether the plaintiff's evidence concerns a material issue and is more than de minimis. *Hartsel v. Keys*, 87 F. 3d 795 (6th Cir. 1996). "On summary judgment," moreover, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S. Ct. 993, 994, 8 L. Ed. 2d 176 (1962). Thus, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine

whether there is a genuine issue for trial." *Liberty Lobby,* 477 U.S. at 249, 106 S. Ct. at 2510.

The moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex,* 477 U.S. at 323; *see also, Boretti v. Wiscomb,* 930 F.2d 1150, 1156 (6th Cir. 1991) (citation omitted). If the moving party meets this burden, the nonmoving party must go beyond the pleadings to show that there is a genuine issue for trial. *Matsushita*, 475 U.S. at 587; *Martin v. Ohio Turnpike Comm'n*., 968 F. 2d 606, (6th Cir. 1992), *cert. denied*, 506 U.S. 1054, 113 S. Ct. 979, 122 L.Ed.2d 133 (1993).

In ruling on a motion for summary judgment (in other words, determining whether there is a genuine issue of material fact), "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Interroyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied,* 494 U.S. 1091 (1990). Thus, in determining whether a genuine issue of material fact exists on a particular issue, a court is entitled to rely only upon those portions of the verified pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

The facts set forth in this Decision are admitted or established by evidence competent under Fed. R. Civ. P. 56(e) and not controverted by opposing competent evidence.

Analysis

Plaintiff brought this action to recover damages and injunctive relief related to his confinement in the "glass house" at the Greene County Jail on Labor Day weekend, 2004. Defendant Pitts is employed of the Ohio Department of Rehabilitation and Corrections as a jail inspector; her duties include inspecting the Greene County Jail (Pitts Affidavit, attached to Doc. No. 75). She last inspected the Jail, including the Glass House, in May, 2004, several months before Plaintiff was incarcerated there. Her Affidavit indicates that on the date of the 2004 inspection, the Greene County Jail including the "glass house" met Ohio minimum jail standards.

Defendant's Motion is supported by numerous representations of fact made by Defendant's counsel. Plaintiff responds in kind with many representations of his own about the state of the glass house during the relevant time period. However, the Court cannot rely on and of those representations in deciding the Motion. See Fed. R. Civ. P. 56(e). The Court is constrained by that Rule to rely only on sworn affidavits, depositions, or answers to interrogatories or requests for admission.

From the pleadings it is clear that Plaintiff asserts and Defendant Pitts admits that her sole role with respect to Plaintiff's incarceration was her role in inspecting the Greene County Jail in May, 2004. She did not decide Plaintiff should be placed in the glass house when he was arrested in September, 2004; that decision was evidently made by someone else, someone involved in the arrest and detention. Defendant Pitts had no responsibility for the ongoing condition of the glass house except for its inspection at stated times.

The conditions of confinement for pretrial detainees are limited by the Fourteenth rather than the Eighth Amendment. Deliberate indifference claims of pretrial detainees are cognizable under the Fourteenth as opposed to the Eighth Amendment. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S.

4

239, 244 (1983); *Graham v. County of Washtenaw*, 358 F. 3d 377(6th Cir. 2004).

A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment. *Helling v. McKinney,* 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993)*, Wilson v. Seiter,* 501 U.S. 294, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991)*; Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)*.* However, deliberate indifference is not proved by an objective standard like civil-law recklessness. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan* 511 U.S. 825, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).

Defendant Pitts cannot be held liable to Plaintiff for his incarceration in the glass house in September, 2004, because she was not at that time a prison official responsible for doing the incarcerating. To put it another way, prison officials – those who maintain prisons and jails and confine people in them – are the ones liable for deprivation of due process of prisoners when they confine prisoners in inhumane conditions with deliberate indifference to those conditions. The constitutional duty is owed by the jailer, not by the inspector working for another governmental entity who inspects the jail months before the incarceration in question.

Because Defendant Pitts did not confine Plaintiff under unconstitutional conditions, she is not liable to him under 42 U.S.C. §1983 for depriving him of his constitutional rights under the Fourteenth Amendment. Her Motion for Summary Judgment is granted.

June 23, 2005.

                  s/ **Michael R. Merz**
                  Chief United States Magistrate Judge