# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CLARENCE J. SAALMAN, on behalf of
himself and others similarly situated,

:

    Plaintiff,                       Case No. 3:04-cv-0371

:

  -vs-                         Chief Magistrate Judge Michael R. Merz

MARILYN J. REID, et al.,

:

    Defendants.

## DECISION AND ORDER GRANTING DEFENDANT CAIN'S MOTION FOR SUMMARY JUDGMENT

This case is before the Court on Motion for Summary Judgment of Defendant Mary Ellen Cain (Doc. No. 89) which Plaintiff opposes (Doc. No. 97).

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. On a motion for summary judgment, the movant has the burden of showing that there exists no genuine issue of material fact, and the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970). Nevertheless, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly

supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original). Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

Read together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law. Fed. R. Civ. P. 50). *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). If, after sufficient time for discovery, the opposing party is unable to demonstrate that he or she can do so under the *Liberty Lobby* criteria, summary judgment is appropriate. *Id.* The opposing party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby,* 477 U.S. at 249-50, 106 S. Ct. at 2510-11 (citations omitted). "The mere possibility of a factual dispute is not enough." *Mitchell v. Toledo Hosp.*, 964 F. 2d 577, 582 (6th Cir. 1992)(quoting *Gregg v. Allen-Bradley Co.,* 801 F. 2d 859, 863 (6th Cir. 1986). Therefore a court must make a preliminary assessment of the evidence, in order to decide whether the plaintiff's evidence concerns a material issue and is more than de minimis. *Hartsel v. Keys*, 87 F. 3d 795 (6th Cir. 1996). "On summary judgment," moreover, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S. Ct. 993, 994, 8 L. Ed. 2d 176 (1962). Thus, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine

whether there is a genuine issue for trial." *Liberty Lobby,* 477 U.S. at 249, 106 S. Ct. at 2510.

> The moving party
>
> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex,* 477 U.S. at 323; *see also, Boretti v. Wiscomb,* 930 F.2d 1150, 1156 (6th Cir. 1991) (citation omitted). If the moving party meets this burden, the nonmoving party must go beyond the pleadings to show that there is a genuine issue for trial. *Matsushita*, 475 U.S. at 587; *Martin v. Ohio Turnpike Comm'n.*, 968 F. 2d 606, (6th Cir. 1992), *cert. denied*, 506 U.S. 1054, 113 S. Ct. 979, 122 L.Ed.2d 133 (1993).

In ruling on a motion for summary judgment (in other words, determining whether there is a genuine issue of material fact), "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Interroyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied,* 494 U.S. 1091 (1990). Thus, in determining whether a genuine issue of material fact exists on a particular issue, a court is entitled to rely only upon those portions of the verified pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

The facts set forth in this Decision are admitted or established by evidence competent under Fed. R. Civ. P. 56(e) and not controverted by opposing competent evidence.

3

**Analysis**

Plaintiff brought this action pursuant to 42 U.S.C. §1983 to recover damages and injunctive relief related to his confinement in the "glass house" at the Greene County Jail on Labor Day weekend, 2004.

42 U.S.C. §1983, R.S. §1979, was adopted as part of the Act of April 20, 1871, and reads, as amended:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress , except that in any action brought against a judicial officer, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.  For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

The statute creates a cause of action sounding essentially in tort on behalf of any person deprived of a constitutional right by someone acting under color of state law. *Memphis Community School District v. Stachura,* 477 U.S. 299, 106 S. Ct. 2537, 91 L. Ed. 2d 249 (1986); *Carey v. Piphus,* 435 U.S. 247, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978).  The purpose of §1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 1125 S. Ct. 1827, 118 L. Ed. 2d 504 (1992).  In order to be granted relief,  a plaintiff must establish that the defendant deprived him of a right secured by the U.S. Constitution and the laws of the United States and that the deprivation occurred under  color of state law. *See West v. Atkins,* 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Parratt v. Taylor*,  451 U.S. 527, 535, 101 S. Ct. 1908, 68 L.

4

Ed. 2d 420 (1981); *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 155, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978).

The conditions of confinement for pretrial detainees are limited by the Fourteenth rather than the Eighth Amendment. Deliberate indifference claims of pretrial detainees are cognizable under the Fourteenth as opposed to the Eighth Amendment. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983); *Graham v. County of Washtenaw*, 358 F. 3d 377(6th Cir. 2004).

A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment. *Helling v. McKinney,* 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993)*, Wilson v. Seiter,* 501 U.S. 294, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991)*; Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)*.* However, deliberate indifference is not proved by an objective standard like civil-law recklessness. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan* 511 U.S. 825, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).

"The principal inquiry in determining whether a private party's actions constitute 'state action' under the Fourteenth Amendment is whether the party's actions may be 'fairly attributable to the state.' See *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982). The Supreme Court has set forth three tests to determine whether the challenged conduct may be fairly attributable to the state in order to hold the defendants liable under section 1983. These tests are: (1) the public function test, *West v. Atkins,* 487 U.S. 42, 49-50, 1085 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Flagg Bros. v. Brooks,* 436 U.S. 149, 157, 985 S. Ct. 1729, 56 L. Ed. 2d 185 (1978); (2) the state compulsion test, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 170, 90 S. Ct.

5

598, 26 L. Ed. 2d 1420 (1970);  and (3) the symbiotic relationship or nexus test, *Burton v. Wilmington Parking Auth.,* 365 U.S. 715, 721-26, 81 S. Ct. 856, 6 L. Ed. 2d 45(1961).  These tests are reiterated in *Brentwood Academy v. Tennessee Secondary Schools Athletic Association,* 180 F. 3d 758, 763 (6th Cir. 1999); *Ellison v. Garbarino*, 48 F. 3d 192, 195 (6th Cir. 1995).

The public function test requires that "the private entity exercise powers which are traditionally exclusively reserved to the state, such as holding elections or eminent domain." *Lansing v. City of Memphis*, 202 F. 3d 821 (6th Cir. 2000), quoting *Wolotsky v. Huhn,* 960 F. 2d 1331, 1335 (6th Cir. 1992).

The state compulsion test requires that a state "exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state."  *Lansing v. City of Memphis*, 202 F. 3d 821 (6th Cir. 2000), quoting *Wolotsky v. Huhn,* 960 F. 2d 1331, 1335 (6th Cir. 1992).

Under the nexus test, "the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be treated as that of the state itself."  *Lansing v. City of Memphis*, 202 F. 3d 821 (6th Cir. 2000), quoting *Wolotsky v. Huhn,* 960 F. 2d 1331, 1335 (6th Cir. 1992).  State regulation, even when extensive, is not sufficient.  *American Manufacturers Mutual Insurance Co. v. Sullivan,* 119 S. Ct. 977 (1999).  Government funding for the private actor is not sufficient. *Rendell-Baker v. Kohn,* 457 U.S. 830 (1982).

A private person may act under color of state law if he is a willful participant in a joint activity with the State or its agents.  *United States v. Price*, 383 U.S. 787, 794, 86 S. Ct. 1152, 16 L. Ed. 2d 267 (1966).  There must be a sufficiently close nexus between the state and the conduct challenged so  that defendant is treated as a state actor and defendant's act is treated that of the state. *See Blum v. Yaretsky*, 457 U.S. 991, 1004, 102 S. Ct. 2777, 73 L. Ed. 2d 534 (1982), *quoting*

*Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 351, 95 S. Ct. 449, 42 L. Ed. 2d 477 (1974); *Lugar v. Edmonson Oil Co.,* 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982). But the "[Fourteenth] Amendment erects no shield against merely private conduct, however discriminatory or wrongful." *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721, 81 S. Ct. 856, 6 L. Ed. 2d 45(1961), *quoting Shelly v. Kraemer*, 334 U.S. 1, 13, 68 S. Ct. 836, 92 L. Ed. 2d 1161 (1948).

When this case was initially filed, Defendant Cain sought dismissal under Fed. R. Civ. P. 12(b)(6)(Doc. No. 10). The Court denied that Motion because Plaintiff had alleged that Ms. Cain was performing a public function, to wit, **deciding** which Greene County prisoners would be confined in the "glass house" because of a suicide risk (See Decision and Order, Doc. No. 71). The evidentiary materials submitted by Defendant Cain, to wit, her own affidavit and that of her supervisor Jeff Forman, establish that Ms. Cain does not perform that public function. Instead, her sole function, according to the evidence presented, is to make a recommendation to the relevant sheriff's deputy whether a person is a suicide risk and therefore should be placed on a suicide watch. Obviously obtaining professional mental health advice about which persons in the jail represent a serious threat of suicide is something that jails should do, but that does not make the person who provides that advice a state actor. Analogously, it would be a deprivation of due process for a jail to serve a prisoner spoiled food, but that would not make the grocer who sold the food to the jail in the first instance a state actor.

The Court finds that there is no genuine issue of material fact as to whether Defendant Cain performed a public function. Because she did not, she cannot be liable under §1983. The Court accordingly does not reach on this Motion the questions pressed upon it by the parties, to wit, whether the conditions in the "glass house" were unconstitutional and whether Ms. Cain would be entitled to qualified immunity if she were a state actor and those conditions were unconstitutional.

7

Defendant Cain's Motion for Summary Judgment is GRANTED.

February 3, 2006.

s/ **Michael R. Merz**<br>Chief United States Magistrate Judge

H:\DOCS\Saalman v. Reid 12.wpd