# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CLARENCE J. SAALMAN, on behalf of
himself and others similarly situated,

:

      Plaintiff,                                   Case No. 3:04-cv-0371

:

   -vs-                                    Chief Magistrate Judge Michael R. Merz

MARILYN J. REID, et al.,

:

      Defendants.

**DECISION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT OF
DEFENDANTS FISCHER, HARDEN, AND ERWIN**

This case is before the Court on Motion for Summary Judgment of Defendant Gene Fischer, brought on behalf of himself, Defendant Jerry Erwin who is his predecessor as Sheriff of Greene County, and Defendant William Hardin, his subordinate who is Greene County Jail Administrator (Doc. No. 98). Although Plaintiff has vigorously litigated this case since its filing, he has failed to respond to this Motion, despite notice that he was under an obligation to do so (Doc. No. 99).

**SUMMARY JUDGMENT STANDARD**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. On a motion for summary judgment, the movant has the burden of showing that there exists no genuine issue of material fact, and the evidence, together with all inferences that can reasonably be drawn

1

therefrom, must be read in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970).  Nevertheless, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;  the requirement is that there be no *genuine* issue of *material* fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original). Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

Read together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law.  Fed. R. Civ. P. 50).  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989).  If, after sufficient time for discovery, the opposing party is unable to demonstrate that he or she can do so under the *Liberty Lobby* criteria, summary judgment is appropriate.  *Id.*  The opposing party must "do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby,* 477 U.S. at 249-50, 106 S. Ct. at 2510-11 (citations omitted). "The mere possibility of a factual dispute is not enough." *Mitchell v. Toledo Hosp*., 964 F. 2d 577, 582 (6th Cir. 1992)(quoting *Gregg v. Allen-Bradley Co.,* 801 F. 2d 859, 863 (6th Cir. 1986). Therefore a court must make a preliminary assessment of the evidence, in order to decide whether the plaintiff's evidence concerns a material issue and is more than de minimis. *Hartsel v. Keys*, 87 F. 3d 795 (6th Cir. 1996).  "On summary judgment," moreover, "the inferences to be drawn from the underlying

facts ... must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S. Ct. 993, 994, 8 L. Ed. 2d 176 (1962). Thus, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby,* 477 U.S. at 249, 106 S. Ct. at 2510.

> The moving party
>
> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex,* 477 U.S. at 323;  *see also, Boretti v. Wiscomb,* 930 F.2d 1150, 1156 (6th Cir. 1991) (citation omitted).  If the moving party meets this burden, the nonmoving party must go beyond the pleadings to show that there is a genuine issue for trial. *Matsushita*, 475 U.S. at 587; *Martin v. Ohio Turnpike Comm'n.*, 968 F. 2d 606, (6th Cir. 1992), *cert. denied*, 506 U.S. 1054, 113 S. Ct. 979, 122 L.Ed.2d 133 (1993).

Given Plaintiff's failure to respond, the analysis here can be brief.  Plaintiff brought this suit to complain of conditions in the Greene County Jail's suicide watch cell, known colloquially as the "glass house."  The Complaint alleges conditions in that cell which would violate the Fourteenth Amendment rights of pretrial detainees.  However, upon deposition, Plaintiff admitted that most or all of the conditions of which he complained in his pleading were not in fact imposed upon him in his two one-day stays in the Greene County Jail in 2004.  In addition, he admitted facts which would reasonably have led a classification officer on both occasions to place him under suicide watch and that his placement in the glass house was not intended as punishment.

Because Plaintiff has admitted that none of the conditions imposed on him violated his constitutional rights, he does not have a valid claim for relief under 42 U.S.C. §1983.  Accordingly,

3

the Motion for Summary Judgment is granted.

The Clerk will enter judgment dismissing the Complaint herein with prejudice.

February 14, 2006.

s/ **Michael R. Merz**
Chief United States Magistrate Judge
